1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN THRO,

11              Plaintiff,                      No. CIV S-09-1165 EFB

12        vs.

13   MICHAEL J. ASTRUE, Commissioner
     of Social Security,
14
                Defendant.                      ORDER
15   _____/

16           Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

17   ("Commissioner") denying his application for supplemental security income disability benefits

18   under Title XVI of the Social Security Act.  For the reasons discussed below, the court will

19   remand the case for payment of benefits.

20   I.  BACKGROUND

21           Plaintiff filed an application for supplemental security income on February 23, 2006,

22   alleging a disability onset date of November 2, 1992.  Administrative Record ("AR") 16.  His

23   application was denied initially and upon reconsideration.  *Id*.  A hearing was held on April 1,

24   2008 before Administrative Law Judge ("ALJ") Sandra K. Rogers.  *Id*.  Plaintiff, who was

25   represented by attorney Jonathan A. Hendricks, and vocational expert David M. Dettner, testified

26   at the hearing.  *Id*.  In a decision dated July 21, 2008, the ALJ determined plaintiff was not

1

disabled.[1]  *Id.* at 16-26.

The ALJ made the following specific findings:

> 1.  The claimant has not engaged in substantial gainful activity
> since February 23, 2006, the application date (20 CFR 416.920(b)
> and 416.971 *et seq.*).
>
> 2.  The claimant has the following severe impairments: lumbar
> strain/sprain, chronic anterior cruciate ligament tear, and affective
> mood disorder (20 CFR 416.920(c)).
>
> . . .
>
> 3.  The claimant does not have an impairment or combination of
> impairments that meets or medically equals one of the listed
> impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
> 416.920(d), 416.925 and 416.926).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id*.

. . .

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he is limited to unskilled work.

. . .

5. The claimant is unable to perform any past relevant work.

. . .

6.  The claimant was born May 17, 1964 and was 41 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

. . .

10.  The claimant has not been under a disability, as defined in the Social Security Act, since February 23, 2006, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 18-26.

Plaintiff requested that the Appeals Council review the ALJ's decision.  However, on February 27, 2009, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  *Id.* at 5.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were

1  applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

2  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

3  180 F.3d 1094, 1097 (9th Cir. 1999).

4      The findings of the Commissioner as to any fact, if supported by substantial evidence,

5  are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

6  more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521

7  (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

8  support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

9  *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

10      "The ALJ is responsible for determining credibility, resolving conflicts in medical

11  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

12  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

13  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

14  *Thomas v. Barnhart*, 278  F.3d 947, 954 (9th Cir. 2002).

15  III.  <u>ANALYSIS</u>

16      Plaintiff argues that although the ALJ purported to credit the opinions of Drs. Smith and

17  Pierce, the hypothetical that he posed to the vocational expert (VE) failed to reflect the specific

18  psychological limitations assessed by those doctors.  Moreover, plaintiff argues, the ALJ failed

19  to properly credit the testimony of the VE in response to questions which accurately reflected his

20  functional limitations.[2]  Dckt. No. 16 at 21-30.

21      The relevant portion of the ALJ's opinion reads:

22      Dr. Pierce reported on June 21, 2006, that the claimant retained the capacity to
        complete simple and repetitive to higher demand vocational skills and adapt to
23      minimal changes in a work environment.  He was found to have potential

24  ───────────────

25      [2] Plaintiff also argues that the ALJ erred in rejecting plaintiff's and third party testimony
        regarding plaintiff's functional limitations, and in rejecting the opinion of his treating physician
26  without a legitimate basis for doing so.  Dckt. No. 16 at 21-30.  As the case is remanded for
        payment of benefits, the court does not reach these arguments.

difficulty working effectively with others and could concentrate adequately for a regular work schedule for a full workweek.  (Exhibit 1F page 5).

Dr. Kumar reported on August 25, 2006, that the claimant could stand and walk at least four hours; lift and carry fifty pounds occasionally and twenty five pounds frequently; was unable to walk on uneven ground; can occasionally bend, stoop, kneel, and climb; and was unrestricted in upper extremity activities and sitting. (Exhibit 2F page 6.)

Pursuant to 20 CFR § 404.1527, the undersigned assigns significant weight to these opinions, as they are well-supported by the medical evidence, including the claimant's medical history and clinical and objective signs and findings as well as detailed treatment notes, which provides a reasonable basis for claimant's chronic symptoms and resulting limitations.  Moreover, the opinions are not inconsistent with other substantial evidence of record.  In addition, these physicians are examining sources that are familiar with Social Security Rules and Regulations and legal standards set forth therein and are best able to provide a superior analysis of the claimant's impairments and resulting limitations . . . .

A *Physical Residual Functional Capacity Assessment* dated September 25, 2006 by B.N. Sheehy, M.D., a State medical consultant, found that objective medical evidence supported a finding that the claimant could perform a significant range of light work.  The claimant was found to [be] limited in pushing and pulling with the lower extremities and be only occasionally able to climb stairs, ramps, ladders, ropes or scaffolds and occasionally balance, stoop, kneel, couch and crawl.  He was found to need to avoid all exposure to hazards (machinery, heights, etc.).  (Exhibit 5F.)  The undersigned has assigned significant weight to the state agency medical consultant's opinion with regard to the claimant's physical limitations pursuant to 20 CFR § 404.1527 and SSR 96-6p because it was based upon a thorough review of the evidence and familiarity with Social Security Rules and Regulations and legal standards set forth therein.  It is well-supported by the medical evidence, including the claimant's medical history and clinical and objective signs and findings as well as detailed treatment notes, which provides a reasonable basis for claimant's chronic symptoms and resulting limitations.  Moreover, this opinion is not inconsistent with other substantial evidence of record, but the claimant is given the benefit of the doubt and found to be able to perform sedentary work.

A *Psychiatric Review Technique* dated September 19, 2006 by Craig A. Smith, M.D., a state psychiatric consultant, found that the objective medical evidence supported a finding that the claimant had [a] medically determinable affective disorder not otherwise specified.  The claimant was found to be mildly limited in activities of daily living, have moderate difficulties maintaining social functioning, have mild difficulties in maintaining concentration, persistence or pace, and have [had] one or two episodes of decompensation.  The claimant was not found to have a history of chronic organic mental disorder.  (Exhibit 3F).

A *Mental Residual Functional Capacity Assessment* of the same date by Dr. Smith found that the objective medical evidence supported a finding that the claimant was moderately limited in his ability to: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended

periods; perform activities within a schedule, maintain regular attendance and be punctual with customary tolerances; complete a normal workday and work week without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes[].

The claimant was found not [to] be significantly limited in all other areas of mental activity. The claimant was found able to understand and remember in order to perform simple tasks or unskilled work, attend and concentrate in order to maintain pace and persistence for simple tasks or unskilled work on an extended basis, relate to peers but would probably work better with limited public contact, and able to adjust when necessary. (Exhibit 4F).[3]

The State psychiatric consultant opined that the claimant functions in a generally independent fashion and can meet various personal needs from a mental standpoint. The claimant is capable of completing daily living functions with the constraints of their medical condition. The claimant manages with a basic routine. The claimant can relate to others and is capable of showing socially appropriate behaviors and negotiating in the community. The claimant is capable of functioning in a competitive work environment. The undersigned, per SSR 96-6p has assigned significant weight to these opinions because they were based upon a thorough review of the evidence and familiarity with Social Security Rules and Regulations and legal standards set forth therein. They are well-supported by the medical evidence, including the claimant's medical history and clinical and objective signs and findings as well as detailed treatment notes, which provides a reasonable basis for claimant's chronic symptoms and resulting limitations. Moreover, the opinions are not inconsistent with other substantial evidence of record.

AR 24-25. As noted above, the ALJ then found that plaintiff had the residual functional capacity (RFC) to perform sedentary work, except that he was limited to unskilled work.

The ALJ's conclusory finding that plaintiff could perform all unskilled sedentary work, despite her crediting of Dr. Smith's opinion that plaintiff was moderately limited in his ability to "understand, remember, and carry out detailed instructions; maintain attention and concentration

---

[3] Dr. Smith's *Psychiatric Review Technique* opines that plaintiff had *mild* difficulties in maintaining concentration, persistence or pace. AR 167. However, his *Mental Residual Functional Capacity Assessment*, prepared on the same day, opines that, under the category of "sustained concentration and persistence," plaintiff has *moderate* limitations in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* at 171-72. The ALJ apparently credited both of Dr. Smith's opinions.

for extended periods; perform activities within a schedule, maintain regular attendance and be

punctual with customary tolerances; complete a normal workday and work week without an

unreasonable number and length of rest periods; interact appropriately with the general public;

accept instructions and respond appropriately to criticism from supervisors; and get along with

coworkers or peers without distracting them or exhibiting behavioral extremes," and her

crediting of Dr. Pierce's opinion that plaintiff could adapt to "minimal" changes in his work

environment but would have potential difficulty working effectively with others, is not supported

by substantial evidence in the record.  The ALJ's opinion provides no explanation of how all of

these mental limitations fall within the simple umbrella of unskilled sedentary work.[4]

That the mental limitations assessed by Drs. Smith and Pierce are not adequately

accounted for by the RFC of unskilled sedentary labor is illustrated by the colloquy between the

ALJ, the VE, and plaintiff's attorney at the hearing.  First, the ALJ asked the VE whether a

person of the same education and work experience as plaintiff who was limited to sedentary

work could do any of the claimant's past work.[5]  *Id.* at 71.  The VE responded that such a person

---

[4] Defendant argues that because doctors Smith and Pierce opined that plaintiff could perform unskilled work, his mental limitations are accounted for in the ALJ's RFC determination.  It is true that neither doctor opined that plaintiff was unable to work based solely on his mental limitations.  Dr. Smith opined that plaintiff was able to understand, remember, attend and concentrate sufficiently to perform unskilled work, although he would "probable (sic) work better with limited public contact," and Dr. Pierce opined that although plaintiff would have "potential difficulty working effectively with others," his concentration was adequate to maintain a regular work schedule.  But defendant mistakenly attributes the statement that plaintiff could perform unskilled work to both doctors, when only Dr. Smith so opined.  *See* Dckt. 18 at 7 (citing Dr. Smith's opinion that plaintiff "could maintain pace and persistence for simple tasks or unskilled work on an extended basis" as that of Dr. Pierce).  More importantly, the doctors assessed only plaintiff's mental limitations rather than the combination of his physical and mental limitations, and the doctors' individual opinions, based on a brief consultation with plaintiff, are no substitute for a careful and reasoned RFC assessment taking into account *all* of the opinions and medical evidence in the record.  Thus, while neither opined that plaintiff was unable to work based on the metal limitations alone, the functional limitations that they identified cannot simply be ignored.  They must be properly accounted for in the RFC determination and in the questions posed to the VE.

[5] The ALJ's hypothetical did not explicitly include the RFC of unskilled sedentary work. The ALJ's question to the VE was "If we assume a person the same, education, and work experience as the Claimant, and if we assume–sorry, I'm allergic to something right now–if we

7

1   could not.  The ALJ then asked if there was other work that such a person could perform.  *Id.*

2   The VE testified that, if the person was limited to unskilled sedentary work, there were a number

3   of jobs that the person could perform.  *Id.*  The ALJ asked no further questions of the VE.  *Id.*

4          Plaintiff's attorney asked the VE to add to the judge's hypothetical the following

5   limitations: the individual could stand and walk four hours in an eight-hour day, but after each

6   hour the individual would require more than a two-minute sit break; the individual could

7   occasionally climb, balance, stoop, crouch, kneel and crawl, and avoid all exposure to hazards

8   and machinery; and the individual would be moderately restricted in his ability to understand,

9   remember, and carry out detailed instructions, to maintain attention and concentration for

10  extended periods, perform activities within a schedule, maintain regular attendance and be

11  punctual, complete a normal work day and work week without interruptions from

12  psychologically based symptoms, "perform at a consistent pace without a[n] [un]reasonable

13  number and length of rest periods," interact appropriately with the public, accept instructions and

14  respond to criticism by supervisors, and get along with coworkers without distracting them or

15  exhibiting behavioral extremes.[6]  *Id.* at 73-74.  The VE testified: ". . . cumulatively this many

16  moderate difficulties, I think, would preclude them being tolerated in unskilled types of work

17  where they're readily replaceable, so I don't think they would be able to hold competitive jobs

18  with that many moderate difficulties."  *Id.* at 74.

19         Hypothetical questions posed to a vocational expert must set out all the substantial,

20  supported limitations and restrictions of the particular claimant.  *Magallanes v. Bowen*, 881 F.2d

21  747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the

22  expert's testimony as to jobs in the national economy has no evidentiary value.  *DeLorme v.*

23  ─────────────────

24  assume that they're limited to sedentary work, then I assume they couldn't do Claimant's past
    relevant work?"  AR 71.  However, the VE prefaced his answer to the next question with the

25  RFC that the ALJ assessed, saying, "if they were limited to unskilled sedentary work . . . ."  *Id.*

26      [6] This hypothetical contained the mental limitations found by Dr. Smith and the physical
    limitations found by Dr. Sheehy.  *See* AR 171-80.

*Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988).

Here, the ALJ's single hypothetical question to the VE did not include the limitations from the physicians' opinions that the ALJ purported to credit.  It is clear that the ALJ's RFC determination was erroneous based on the different answers the VE gave in response to the ALJ's and the attorney's hypothetical questions.  When asked whether unskilled sedentary jobs existed, the VE said that they did.  But when the VE was asked whether there were any unskilled sedentary jobs that could be performed by an individual with plaintiff's specific physical limitations, as assessed by Dr. Sheehy (who's opinion was credited by the ALJ), and plaintiff's specific mental limitations, as assessed by Dr. Smith (who's opinion was also credited), the VE testified that he thought such an individual would not be able to hold a job.[7]

As the ALJ credited the opinions of Drs. Smith and Sheehy, the hypothetical posed by the attorney is the correct hypothetical, and the VE's testimony that no jobs existed for such an individual commands a step-five finding of disability.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand is granted;

2.  The Commissioner's cross-motion for summary judgment is denied;

////

---

[7] The attorney also included in his hypothetical the limitation that the individual could stand and walk four hours in an eight-hour day, but after each hour the individual would require more than a two-minute sit break.  As the hypothetical was already limited to sedentary work, this portion of the hypothetical is irrelevant.  Sedentary work is "defined as one which involves sitting, [although] a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 CFR § 416.967(a).

3.  The case is remanded for payment of benefits; and

4.  The Clerk is directed to enter judgment for plaintiff.

DATED:  September 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE