IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN THRO,

      Plaintiff,                          No. CIV S-09-1165 EFB

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                      ORDER
_____/

      Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $8,141.69, which totals 25 percent of past benefits due to plaintiff up to the month of the court's decision remanding the case for payment of benefits.[1] Dckt. No. 21. Plaintiff entered into a Retainer and Contingent Fee Agreement with plaintiff's counsel which states that he would pay plaintiff's counsel 25 percent of any past-due benefits he won as a result of the appeal in his case, plus expenses. *Id.*, Ex. 3.

      42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

_____

[1] Defendant takes no position on the reasonableness of plaintiff's counsel's request. *See* Dckt. No. 22.

1

> a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds, Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After this court found plaintiff to be disabled, he was awarded past-due benefits in the amount of $36,489.49. Dckt. No. 21, Exs. 1, 2. Through September 2010, the month judgment was entered in this case, plaintiff was entitled to $32,566.77. Plaintiff's counsel requests 25 percent of that amount, or $8,141.69. Based on the quality of counsel's representation, her significant experience in the field of Social Security law, and the results achieved in this case, the court finds that amount reasonable.

Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $8,141.69 in attorney fees pursuant to 28 U.S.C. § 406.

DATED: October 20, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2